RYAN, Judge,
with whom STUCKY, Judge, joins (dissenting):
This Court granted review of the decision of the United States Navy-Marine Corps Court of Criminal Appeals on one issue raised by Appellant: ‘Whether [detailed counsel’s] failure to disclose his conflict of interest resulted in an uninformed and invalid election of counsel.” Rather than answer this question, which is directly controlled by Supreme Court precedent and not an open issue, Cuyler v. Sullivan, 446 U.S. 335, 350, 100 S.Ct. 1708, 64 L.Ed.2d 333 (1980) (“[T]o demonstrate a violation of his Sixth Amendment rights, a defendant must establish that an actual conflict of interest adversely affected his lawyer’s performance.”), and Strickland v. Washington, 466 U.S. 668, 692, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984) (holding that defendant must demonstrate both that counsel actively represented conflicting interests and that an actual conflict of interest adversely affected his lawyer’s performance to establish a Sixth Amendment violation), the majority remands the case for additional factfinding on questions related to the alleged conflict and Appellant’s knowing waiver, if any, of any such conflict.
Remand is unwarranted under the facts of this case. Appellant fails to show, or even allege, prejudice or deficient performance by either the potentially conflicted detailed counsel or his privately retained civilian *391 counsel.[1] Instead, Appellant argued structural error resulting from an alleged violation of the Sixth Amendment right to counsel of choice. Based on this strategy, Appellant denied that any showing of deficient performance was necessary.[2]
That is simply not the law. The Sixth Amendment grants Appellant the right to “Assistance of Counsel for his defence.” U.S. Const, amend. VI. Two aspects of this right are the right to effective assistance of counsel, Strickland, 466 U.S. at 686, 104 S.Ct. 2052, and the right to counsel of choice with certain limitations, United States v. Gonzalez-Lopez, 548 U.S. 140, 144, 151-52, 126 S.Ct. 2557, 165 L.Ed.2d 409 (2006). They are different and separate aspects of the same right, and alleged deprivations of each warrant distinct and disparate analyses.
It is well settled that conflicts of interest are analyzed under the “ineffective assistance of counsel” rubric, which requires a showing of prejudice and deficient performance, rather than as “erroneous denial of counsel of choice,” which constitutes structural error. Compare Cuyler, 446 U.S. at 348-50, 100 S.Ct. 1708 (setting forth test for ineffective assistance of counsel where a conflict of interest is alleged), and Mickens v. Taylor, 535 U.S. 162, 171-73, 122 S.Ct. 1237, 152 L.Ed.2d 291 (2002) (applying ineffective assistance of counsel analysis in light of conflict of interest), with Gonzalez-Lopez, 548 U.S. at 144-48, 126 S.Ct. 2557 (analyzing the court’s erroneous refusal to permit hired attorney to represent defendant as denial of counsel of choice).
Appellant nonetheless argues that if he had been fully informed of the detailed counsel’s potential conflict of interest, he would have requested new counsel. Therefore, Appellant argues, detailed counsel’s failure to disclose the conflict rendered Appellant’s decision “uninformed and invalid” and violated his right to choice of counsel.
No one, of course, would choose a conflicted or otherwise ineffective attorney, and under this logic every instance of conflict or deficient performance would constitute structural error and warrant reversal. But it has never been the case that the right to counsel of choice is violated by conflicted or ineffective counsel. Violations of the Sixth Amendment right to counsel of choice, and the attendant structural error and automatic reversal, occur when there is an erroneous deprivation of a defendant’s request for the “counsel he believes to be best,” the “counsel of his choosing.” Gonzalez-Lopez, 548 U.S. at 146 & n. 2, 126 S.Ct. 2557 (holding that a trial court’s erroneous denial of the defendant’s counsel’s application for admission pro hac vice violated the defendant’s Sixth Amendment right to choice of counsel and amounted to a structural error, requiring no showing of prejudice).
This case presents different circumstances. At Appellant’s arraignment, the military judge informed Appellant of his counsel rights and confirmed that Appellant understood those rights. Appellant elected to be represented by both the detailed counsel and his civilian attorney and was so represented at trial. Appellant admits that he was represented by his counsel of choice, but argues that Gonzalez-Lopez supports the argument that detailed counsel’s failure to sufficiently disclose a potential conflict of interest constitutes a violation of the right to choice of counsel.
Such an extension of Gonzalez-Lopez is unsupported by precedent, unwarranted by any language in Gonzalez-Lopez, and unnecessary. The Sixth Amendment already pro *392 teets the defendant’s right to counsel who owes the defendant “a duty of loyalty, a duty to avoid conflicts of interest.” Strickland, 466 U.S. at 688, 104 S.Ct. 2052. The Supreme Court explicitly provided for this type of case, holding that prejudice may be presumed, when defendant’s counsel is burdened by an “actual conflict of interest.” Id. at 692, 104 S.Ct. 2052. But to establish an actual conflict of interest, the defendant must demonstrate that his “counsel ‘actively represented conflicting interests’ and that ‘an actual conflict of interest adversely affected his lawyer’s performance.’” Id. (quoting Cuyler, 446 U.S. at 348, 350,100 S.Ct. 1708) (emphasis added). The Supreme Court in no way suggested in its Gonzalez-Lopez holding either that it intended to eviscerate its established conflicts of interest jurisprudence or that the right to counsel of choice is violated where a defendant gets the lawyer he asked for, but post hoc, it is clear he either should have or would have chosen differently.
The Supreme Court’s opinion in Mickens reaffirmed that Cuyler and Strickland remain the appropriate tests for conflicts of interest and that such conflicts do not constitute structural error. See Mickens, 535 U.S. at 171-74, 122 S.Ct. 1237 (rejecting petitioner’s argument that trial court’s failure to inquire into a potential conflict of interest about which it knew or should have known relieved the defendant of the need to demonstrate that the conflict adversely affected the defendant’s counsel’s performance). The Court reiterated Cuyler’s holding that “‘an actual conflict of interest’ mean[s] precisely a conflict that affected counsel’s performance— as opposed to a mere theoretical division of loyalties.” Mickens, 535 U.S. at 171, 122 S.Ct. 1237 (citing Cuyler, 446 U.S. at 349-50, 100 S.Ct. 1708) (emphasis in original).
The answer to the granted issue is apparent -there was no denial of the Sixth Amendment right to counsel of choice because Appellant asked to be represented by detailed counsel and civilian counsel and was so represented. To the extent the alleged conflict of interest exists, it is relevant to the detailed counsel’s duty to zealously advocate on behalf of Appellant and raises an ineffective assistance of counsel issue only. Where, as here, Appellant has not alleged any deficiencies in his detailed counsel’s performance, it is unnecessary to resolve the question whether defense counsel actively represented conflicting interests because Appellant cannot establish prejudice under Cuyler. Consequently, I respectfully disagree that the Court cannot resolve the ineffective assistant of counsel issue without remanding for further findings and conclusions of law and would affirm the ruling of the United States Navy-Marine Corps Court of Criminal Appeals.[3]

. The performance of the civilian counsel is relevant for two reasons. First, "[w]here an accused is represented by both civilian counsel and detailed military counsel, the performance of defense counsel is measured by the combined efforts of the defense team as a whole.” United States v. Boone, 42 M.J. 308, 313 (C.A.A.F.1995). Without evidence that Appellant’s defense team, including both Appellant’s civilian counsel and detailed counsel, acted deficiently, Appellant cannot establish prejudice. Second, the impact of any deficient performance by detailed counsel would be mitigated by the fact that civilian counsel acted as lead counsel throughout Appellant’s trial.

. At oral argument, counsel for Appellant admitted, “We have not made a claim, because we do not need to make a claim, that there was any deficiency in [detailed counsel’s] work.”

. Of course the circumstances alleged by Appellant, if true, reflect a failure to adhere to ethics rules, and very poor judgment by both the detailing authority and counsel. But ‘‘[a]n error by counsel, even if professionally unreasonable, does not warrant setting aside the judgment of a criminal proceeding if the error had no effect on the judgment." Strickland, 466 U.S. at 691, 104 S.Ct. 2052.